IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE ENGLAND, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-22-59 |
| NATALIE A. McKEOWN FINGER, | * | |
| Defendant | * | |

\*\*\*

### MEMORANDUM OPINION

Self-represented Plaintiff Wayne England, who is incarcerated and confined to the Metropolitan Transition Center, in Baltimore, Maryland, filed documents with the court which were construed as a civil rights complaint. ECF No. 1. Mr. England did not pay the filing fee nor file a motion to proceed *in forma pauperis*. For the reasons that follow, Mr. England shall not be required to cure the deficiency.

Mr. England asserts that Defendant Natalie A. McKeown Finger, his defense attorney, provided ineffective assistance of counsel to him in connection with her representation of him in his ongoing criminal proceedings. ECF No. 1. He states that Defendant has failed to request his release on bail or secure him a speedy trial. *Id*.

A complaint must be dismissed at its inception if there is no basis for subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Federal courts "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Title 28 U.S.C. § 1331 provides that federal courts may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction. 28 U.S.C. § 1331. For the court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim and must be substantial and not plainly

frivolous.  *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975).  Where no federal question is presented, the court may nonetheless retain diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of different States.

A court retains "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  To establish jurisdiction, the court looks to those facts affirmatively alleged in the complaint.  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."  *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  The party seeking to avail itself of this court's jurisdiction bears the burden of proof.  *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Mr. England's complaint does not state a federal claim.  To sustain an action under 42 U.S.C. § 1983 a plaintiff must demonstrate that:  (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins,* 487 U.S. 42, 48 (1988).  Here, Mr. England faults his attorney for providing ineffective assistance of counsel, but alleges no facts that the named Defendant was acting "under color of law" in representing him.  An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  Therefore, Defendant is not amenable to suit under §1983.

*See e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (private attorney); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

  Nor does the complaint satisfy the requirements for invoking this court's diversity jurisdiction as all the parties involved are residents of Maryland.  Absent a basis for jurisdiction over the claims asserted, the complaint must be dismissed without prejudice.

  A separate Order follows.

January 28, 2022               /s/
                      DEBORAH K. CHASANOW
                      United States District Judge